UNITED STATES of America, Plaintiff—Appellee,

v.

Lora SANABRIA, Defendant—Appellant.

No. 02–10548.
D.C. No. CR–01–01135–FJM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2003.*

Decided Aug. 12, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Lora Sanabria appeals her conviction and sentence imposed for theft of public property, a violation of 18 U.S.C. § 641. Sanabria asserts that the district court erred by not asking about racial prejudices during *voir dire* and by refusing to depart downward at sentencing for aberrant behavior.

We review the sufficiency of *voir dire* questions for an abuse of discretion. *United States v. Washington,* 819 F.2d 221, 223 (9th Cir.1987). The Constitution did not require a question about racial prejudices in this case because "special circumstances" did not exist indicating a likelihood of racial or ethnic prejudice. *Rosales–Lopez v. United States,* 451 U.S. 182, 189–90, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981). Similarly, there was no "reasonable probability" that racial or ethnic prejudice influenced the jury simply because the defendant and defense counsel were members of a minority. *Id.* at 191. The Supreme Court has suggested that such circumstances might exist when the crime is one of "violence" and the victim is of a different race than the perpetrator. *Id.* The facts of this case do not invoke these types of concerns. *Cf. United States v. Sarkisian,* 197 F.3d 966, 979 (9th Cir.

1999). Moreover, the questions the district court did ask during *voir dire,* as well as the questions asked by defense counsel, adequately ensured the impartiality of the jury. *See id.* at 979–80.

Although a district court's erroneous determination that it lacks legal authority to depart downward is reviewable de novo, its discretionary decision not to depart downward is not reviewable. *United States v. Wetchie,* 207 F.3d 632, 636 (9th Cir.2000). Here, the district court articulated why it chose not to depart downward (based on Sanabria's refusal to accept responsibility for her actions and the need for general deterrence based on the size of the theft involving a public employee occupying a position of trust). The court's statement was sufficient to explain the decision not to depart downward.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.